UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------x

| | |
|---|---|
| STEPHEN CARRIER., | : |
| an individual, | :    CASE NO.: |
| | : |
|           Plaintiff, | : |
| | :    Judge: |
| vs. | : |
| | : |
| | :    Magistrate: |
| Veterans Blvd. Properties, L.L.C., | : |
| | : |
|           Defendant. | : |

---------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, STEPHEN CARRIER, by and through his undersigned counsel, hereby files this original Complaint and sues Veterans Blvd. Properties, L.L.C., (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This is also an action for declaratory and injunctive relief and money damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*., (see also 28 U.S.C. § 2201 and § 2202). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

3.      Plaintiff, STEPHEN CARRIER, (hereinafter referred to as "MR. CARRIER"), is a resident of Jefferson Parish, Louisiana. MR. CARRIER resides at 3410 Severn Avenue, Metairie, Louisiana 70002.

4.      MR. CARRIER is a qualified individual with a disability under the ADA. MR. CARRIER is a T-10 paraplegic.

5.      Due to his disability, MR. CARRIER is substantially impaired in several major life activities and uses a wheelchair to ambulate.

6.      Specifically, MR. CARRIER is unable to walk, stand, or use his legs without assistance.

7.      Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Jefferson Parish.

8.      Upon information and belief, DEFENDANT is the owner and operator of the real properties and improvements that are the subject this action, to wit: 8814 Veteran's Memorial Boulevard, Metairie, Louisiana 70002. (hereinafter referred to as "the Property").

9.      The Property is a place of public accommodation and offers a America's Best Contacts & Glasses store and Fuji Sushi Bar, Casa Garcia, and Pho Bang.

10.     As the owner and operator of the Property, DEFENDANT is obligated to comply with the ADA.

11.     All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

**COUNT I - VIOLATION OF TITLE III OF THE**

## AMERICANS WITH DISABILITIES ACT

12.    MR. CARRIER realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13.    The Property is a place of public accommodation, subject to the ADA, generally located at: 8814 Veteran's Memorial Boulevard, Metairie, Louisiana 70002.

14.    MR. CARRIER has desired to visit the Property numerous times in the past and presently desires to visit the Property.

15.    MR. CARRIER lives within six miles of the Property.

16.    MR. CARRIER has visited the Property on numerous occasions in the past as he gets his glasses at the America's Best Contacts & Glasses store which is located in the shopping center.

17.    MR. CARRIER is presently aware that if he were to try to visit the Property, he would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 21 of this Complaint.

18.    MR. CARRIER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 21 which still exist.

19.    MR. CARRIER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

20.    MR. CARRIER also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 21 still exist or have been modified.

21.    Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.*

and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

      I.      UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

      A.      There is insufficient accessible-designated parking.

      B.      The current accessible-designated parking is inadequately dispersed across the Property.

      C.      At the entrance to the following tenant spaces there is an impermissible two (2) inch step: Fuji Sushi Bar, Casa Garcia, and Pho Bang.

      D.      At the remaining tenant spaces the clear floor space at the entrance is not level with a slope of no more than 2.1%.

      E.      There are accessible-designated parking spaces with an excessive cross slope.

      F.      There is a built-up curb ramp which projects into the access aisle near Humana.

      G.      There is an accessible-designated parking space which is not adjacent to an access aisle and does not lead to a curb cut or curb ramp near the America Advance store.

      H.      At the public entrance to the Property on the Western edge of the Property, there is a step up on the promenade of the Property from the public sidewalk.

I.   The accessible-designated parking spaces are not marked with vertical signage.

J.   Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

22.   Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23.   Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24.   Upon information and belief, DEFENDANT has failed to remove the barriers to access which exist at the Property, even though their removal is readily achievable.

25.   Upon information and belief, removal of the barriers to access located on the Property would provide MR. CARRIER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26.   Independent of his intent to return as a patron to the Property, MR. CARRIER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27.   MR. CARRIER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CARRIER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CARRIER demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.    That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CARRIER; and

D.    That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman, Esq. (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
        Garret S. DeReus

6